NEW JERSEY DEPARTMENT OF LABOR,
WORKMEN'S COMPENSATION BUREAU.

ELIAS MILLS, PETITIONER, v. INTERNATIONAL MOTOR COMPANY, RESPONDENT.

A petition having been filed under the Workmen's Compensation act of 1911 as amended, and having come on the calendar for trial in the presence of the petitioner's attorney and the respondent and its attorney, and testimony having been taken wherein it appeared to the court that the petitioner

alleged to have received a hernia on October 1st, 1927, while sweeping up the floor and moving some castings about the floor. That he complained to the foreman of a pain in his groin and the foreman took him home in his car. That the same night the petitioner called a doctor who took him to the hospital and operated on him the following morning for a femoral hernia.

That the physician for the respondent testified that he examined this petitioner on June 14th, 1927, and that he had a right inguinal hernia. That the petitioner had complained of a pain in his groin as a result of an accident he had on February 11th, 1927, while lifting a crate weighing about five hundred pounds and two men dropped their end of it, leaving him and another man holding the balance. That he lacerated the third and fourth fingers of the right hand.

That at the time of the examination by the respondent's physician on June 14th, 1927, he prepared a report on Form C and filed a copy with the State of New Jersey, which was offered in evidence, showing that the petitioner had a small mass in the right inguinal region and that he had a right inguinal hernia.

That the petitioner denies any knowledge of having had a hernia prior to October 1st, 1927, but the significant point is that the mass which was there on June 14th, 1927, is not there now, and whether or not it was inguinal or femoral, he did have a hernia prior to October 1st, 1927.

That the Compensation act of New Jersey is strict in the requirements as to a hernia, and I find, as a fact, that the petitioner did have a hernia prior to October 1st, 1927, and having had a hernia, that he could not sustain a hernia on October 1st, 1927, to bring him within the contemplation of the hernia section of the act.

That the petitioner did say that he felt a mass in the hernial region which he could move back and forth and that he does not feel it now.

That the petitioner did not wear a truss nor have an operation for the hernia he had on June 14th, 1927, and the testimony of the petitioner was that the only cure for a hernia was an operation.

It is therefore ordered that the petition be, and same is hereby dismissed on the ground that the petitioner had a hernia prior to October 1st, 1927, and, therefore, the hernia which he alleged to have sustained on October 1st, 1927, is not compensable.

JOHN J. STAHL,
*Referee.*